IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DELROY A. CHAMBERS, JR.,          §
                                  §
           Plaintiff,             §
                                  §
VS.                               §   Civil Action No. 3:26-CV-1087-D
                                  §
LANTOWER MIDTOWN DALLAS, LP       §
and LANTOWER MIDTOWN DALLAS       §
GP, LLC,                          §
                                  §
           Defendants.            §

MEMORANDUM OPINION
AND ORDER

Defendants Lantower Midtown Dallas, LP and Lantower Midtown Dallas GP, LLC move to set aside the clerk's entry of default. For the reasons that follow, the court grants the motion.

I

Plaintiff Delroy A. Chambers, Jr. ("Chambers") brings this lawsuit against defendants, alleging federal- and state-law claims that arise out of a housing dispute. Chambers served defendants with a summons and complaint on April 15 and April 16, 2026. Defendants failed to file a responsive pleading or otherwise defend within 21 days after being served. Consequently, at Chambers' request, the clerk of court entered defaults against defendants on May 12, 2026.

Defendants now move to set aside the clerk's entry of default. Chambers opposes the motion, which the court is deciding on the briefs, without oral argument.

II

The court begins by addressing Chambers' notation that defendants' motion does not include a certificate of conference.

Chambers is correct that a certificate of conference is required by N.D. Tex. Civ. R. 7.1.  This court has emphasized that the "[f]ailure to comply with a local civil rule of this court is to be carefully avoided and should not be repeated." *Obregon v. Melton*, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002) (Fitzwater, J.).  Indeed, "future noncompliance with the certificate of conference requirement may result in the Court striking the offending motion from the docket." *Monitronics Int'l, Inc. v. Skyline Sec. Mgmt., Inc.*, 2017 WL 7520612, at *1 n.1 (N.D. Tex. Oct. 30, 2017) (Toliver, J.).

Even so, "[a] failure to satisfy conference requirements does not . . . mandate summary denial of [a motion,] because the Court retains discretion to waive strict compliance with the conference requirements and to consider the motion[] on [its] merits." *Brown v. Bridges*, 2015 WL 11121361, at *5 (N.D. Tex. Jan. 30, 2015) (Solis, C.J.) (citation and internal quotation marks omitted), *modified in part*, 2015 WL 12532137 (N.D. Tex. June 22, 2015).  The court in its discretion can excuse a failure to confer when "it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute." *Obregon*, 2002 WL 1792086, at *1 n.3.

Here, although defendants' failure to include a certificate of conference violated this court's Local Civil Rules, it is clear that the motion is opposed.  The issue in dispute—whether the court should set aside the clerk's entry of default—is also already

- 2 -

sufficiently narrow.  Accordingly, the court will not withhold deciding, or deny, defendants' motion based solely on their failure to comply with LR 7.1.

III

The court now turns to the merits of defendants' motion to set aside the clerk's entry of default.

A

Under Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause."  "The language of this rule is discretionary, and 'the decision to set aside a default is committed to the sound discretion of the trial court.'"  *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

To determine whether there is good cause, the court considers "three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"  *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).  "The burden of showing good cause lies with the party challenging the default entry."  *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)).  Nevertheless, "[d]efaults are 'generally disfavored.'"  *Koerner*, 910 F.3d at 225 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)).  Consequently, "[u]nless it appears that no injustice results from the default, relief should be granted."  *Id.* (quoting *In re OCA, Inc.*, 551 F.3d

- 3 -

359, 370-71 (5th Cir. 2008)).

B

The court in its discretion holds that defendants have satisfied the factors that warrant granting relief under Rule 55(c).

First, defendants have demonstrated that their failure to respond was not willful and was instead caused by an injury sustained by defendants' counsel and an inadvertent calendaring error. Although there were steps that defendants could have taken to timely file a responsive pleading or otherwise defend, this does not mean that their failure to do so was the result of a willful decision not to defend the lawsuit.

Second, setting aside the default will not unfairly prejudice Chambers. "The mere fact that setting aside the default will delay [his] recovery or require that [he] litigate [his] claims is insufficient." *Verity Instruments, Inc., v. KLA-Tencor Corp.*, 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006) (Fitzwater, J.) (citation omitted).

Third, defendants present potentially meritorious defenses to at least one of Chambers' claims. Defendant Lantower Midtown Dallas GP, LLC contends that it is not a proper defendant to this lawsuit because it is neither an owner nor a landlord, and it is not in privity of contract with Chambers. And defendant Lantower Midtown Dallas, LP maintains that it acted in accordance with its obligations under federal and state law.

Accordingly, the court grants defendants' motion to set aside the clerk's entry of default. The clerk of court is directed to file defendants' answer and affirmative defenses, which has been docketed as ECF No. 18-2.

- 4 -

\*    \*    \*

For the reasons explained, defendants' motion to set aside the clerk's entry of default is granted.

**SO ORDERED**.

June 4, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE